**5**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7311 Greenhaven Drive #100
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                          CASE NO. 09-34904-E-13C

WILLIAM H. METZELAAR,           ADV. NO.

DIANE M. METZELAAR,

_____Debtors_____/

WILLIAM H. METZELAAR,

DIANE M. METZELAAR,

          Plaintiffs,

v.

UNITED GUARANTY RESIDENTIAL
INSURANCE COMPANY OF NORTH
CAROLINA, SUNTRUST MORTGAGE,
INC.,

          Defendants.

_____/

**COMPLAINT TO DETERMINE VALUE AND EXTENT
OF LIEN (MONETARY RECOVERY SOUGHT)
AND ATTORNEY FEES AND COSTS**

     1.    Plaintiffs filed an original petition for relief under

Chapter 13 of the Bankruptcy Code on 7-17-09.

     2.    This adversary proceeding is brought in connection with

Plaintiffs' case under Chapter 13 of Title 11, case number

1

09-34904-E-13L, now pending before this Court.

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157(b)(2)(K) and (L).

4.    In Debtors' bankruptcy schedules, they list a residence commonly known as 8412 w. Granite Dr., Granite Bay, California with a fair market value of $350,000.00.

5.    There exists a first deed of trust recorded and secured by a promissory note in favor of Suntrust Mortgage ("Suntrust"). The amount owing to Suntrust is approximately $417,000.00.

6.    With a fair market value of $350,000.00, there is no equity value in excess of the first deed of trust.

7.    Defendant(s), Suntrust Mortgage ("Suntrust") holds a second deed of trust recorded against the Debtors' residence purporting to secure a promissory note with an approximate balance of $191,000.00.

8.    As there is no equity value in the Debtors' residence and above the first deed of trust, the deed of trust held by Defendant(s) is wholly unsecured and not secured by the Debtors' residence and has no value.

9.    On or about 7-27-09, Suntrust received notice of the bankruptcy filing.

10.  On or about 8-10-09, the debtors served notice of debtors' motion to value collateral.

11.  On 8-27-09, the Chapter 13 Trustee conducted and concluded a Meeting of Creditors.

12.  On or about 9-09-09, Plaintiffs/Debtors filed a Motion to Value Collateral of Suntrust to be heard 10/6/09.
///

13.   On or about 10-15-09, the Motion to Value Collateral of Suntrust was granted by this Court.

14.   On 10-15-09, this Court entered an Order Confirming Plan.

15.   On or about 5-13-10, an Assignment/Transfer of claim from Suntrust bank to United Guaranty Residential Insurance Company of North Carolina ("United") was filed, docket #32, #33 and #34.

16.   On or about 8-29-12, counsel for debtors notified Defendant that the debtors' case was paid in full and set to be discharged in the next thirty (30) days.

17.   On 10-19-12, the Debtors filed Declarations in Support of Discharge pursuant to 11 U.S.C. 1328.

18.   On or about 11-9-12, this Court entered an Order granting debtors request for discharge of debts.

19.   Included in the debts discharged is the claim of Suntrust/Guaranty.

20.   On or about 10-8-12, counsel for debtors notified Defendant a second time that the debtors have paid in full and had been discharged.

21.   On or about 11-26-12, this Court noticed all the debtors creditors of the Discharge of Debtors After Completion of Chapter 13 Plan.

22.   On or about 11-26-12, this Court entered a Final Decree in the underlying chapter 13 case.

23.   Pursuant to California Civil Code ("C.C.C.") 2941(a), thirty (30) days having passed after the satisfaction of the mortgage by discharge in case 09-34904-E-13L, Suntrust has failed

to execute a certificate of the discharge thereof, as provided in

Section 2939, nor has recorded or cause to be recorded, in the office of the Placer County Recorder.

WHEREFORE, Debtors pray for relief as follows:

1. That the Court issue an Order finding the deed of trust recorded by Select to be a unsecured lien and therefore to be treated as an unsecured claim that was discharged in the completed Chapter 13 case;

2. That the Court issue an Order finding that the deed of trust recorded by Select has no further force and effect as a secured lien against the Debtors' residential real property;

3. That pursuant to C.C.C. 2941(b)(2), seventy-five (75) days having passed, Select having failed to execute, record or cause to be recorded, the full reconveyance thereby authorizes this Court, pursuant to Section 2934(a) to execute and acknowledge a substitution of Trustee and issuance of a full reconveyance, thereby authorizing a title insurance company to prepare and record a release of the obligation.

4. That the Court order attorney fees and costs in bringing this action;

5. That Debtors have such other and further relief as may be deemed just.

Respectfully Submitted,

DATED: 1-9-13                          /s/ Peter G. Macaluso

4

Peter G. Macaluso, Attorney at Law